**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Samuel Cox, | Case No. 26-cv-2564 (LMP/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Commissioner of Department of Human Services, et al., | |
| Defendants. | |

---

This is the sixth lawsuit filed this year by plaintiff Samuel Cox, a client of the Minnesota Sex Offender Program (MSOP), regarding the conditions of his confinement at MSOP. *See Cox v. Commissioner Department of Human Services*, No. 26-cv-0931 (D. Minn); *Cox v. Commissioner Department of Human Services*, No. 26-cv-0932 (D. Minn.); *Cox v. Commissioner Department of Human Services*, No. 26-cv-0949 (D. Minn.); *Cox v. Commissioner Department of Human Services*, No. 26-cv-1983; *Cox v. Commissioner Department of Human Services*; No. 26-cv-1984. Four of those prior lawsuits were summarily dismissed on initial preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B), while the remaining lawsuit is currently recommended for summary dismissal on preservice review.

In this lawsuit, his most recent, Cox alleges that on May 5, 2026, MSOP officials denied his request to replace his roommate with another MSOP client of his choosing. *See* Complaint at 3 (Dkt. No. 1). The answer from MSOP officials appears to have been no, because later that same day, Cox prepared the documents used to initiate this sixth lawsuit in less than six months. *See* Cover Letter at 1 (Dkt. No. 1-1). The lawsuit alleges

that the refusal to permit Cox to have a roommate of his choosing violates his federal constitutional rights; several other claims are also raised pursuant to 42 U.S.C. § 1983.

Cox has applied for *in forma pauperis* (IFP) status in this action, which means that his complaint is subject to preservice review under § 1915(e)(2)(B). In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Most of Cox's complaint can be passed over briefly. The pleading refers to violations of Cox's First Amendment rights due to being forced "into a living space of a locked door for said amount of time with a patient that practices behaviors, that go against my religious practices and beleith," Compl. at 4 (sic throughout), but apart from this entirely oblique reference to Cox's religious rights being violated, no other reference is made anywhere in the complaint to any conduct of MSOP officials that could be interpreted as amounting to a violation of Cox's freedom of religion. This claim is insufficiently pleaded. So too is Cox's claim of due process violations arising from having

been placed "on Omega 3 for unknown number of days without property T.V. blankets, T.V. or sheets." *Id.* at 5 (sic throughout). The allegation is entirely unrelated to anything else discussed in the complaint, and taken by itself, the brief mention of potential due-process violations is not enough to state a viable claim on which relief may be granted.

There is also very little to the claim that appears to have been Cox's core motivation for having filed this lawsuit. The complaint makes very little effort to tie Cox's request for a specific roommate to any particular constitutional right or entitlement, and this Court is aware of no case law or legal principle standing for the proposition that detainees are constitutionally entitled to a roommate of their choosing. That MSOP has thus far declined to permit Cox to bunk with his preferred roommate falls more into the category of annoyance than constitutional violation—and annoyances are not actionable under § 1983.

Two of Cox's claims require more careful analysis, however. First, Cox alleges that MSOP officials *do* regularly honor roommate requests of other MSOP clients, especially requests of MSOP clients of "other cultures" than his own. Compl. at 5. Although Cox does not have a constitutional right to a roommate of his choosing, he does have a constitutional right to be treated the same by MSOP officials as similarly situated clients of other races. *See New Doe Child #1 v. United States*, 901 F.3d 1015, 1027 (8th Cir. 2018) ("The Equal Protection Clause demands that similarly situated individuals be treated alike."). But "not all MSOP clients are similarly situated for all purposes." *Daywitt v. Harpstead*, No. 23-cv-2111, 2023 WL 8378533, at *4 (D. Minn. Sept. 15, 2023). That some MSOP clients have had roommate requests granted while Cox's request has hitherto been denied does not, by itself, establish that similarly situated clients have been

3

treated differently. To make that determination, more factual support would be required for the contention that Cox is, in fact, similarly situated to the unidentified MSOP clients who have allegedly been permitted to select their own roommates. Even accepting each of the non-conclusory allegations in the complaint as true (as the Court must at this stage of the case), a reasonable factfinder could not conclude from the complaint that any specific similarly situated MSOP client has been treated differently from Cox.

Finally, Cox alleges that one reason for his roommate request is that he does not feel safe with the roommate with which he has been placed. MSOP officials are required to take reasonable measures to guarantee the safety of clients under their protection and to protect clients from violence from other clients. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (discussing failure-to-protect claim in context of prison litigation); *Lindsey v. Kneisel*, No. 22-cv-0413, 2023 WL 386730, at *4 (D. Minn. Jan. 6, 2023) (noting that "[f]ailure-to-protect claims brought by civilly-committed MSOP patients are analyzed under the same standard that applies to Eighth Amendment deliberate-indifference claims by prisoners."). In pleading a failure-to-protect claim, a litigant must adequately allege both that the conditions in which they have been placed objectively pose a substantial risk of harm and that custodial officials subjectively know, knew, or should have known of the danger. *See id.* (collecting cases).

The complaint fails to allege facts that, if later proved true, would establish the objective prong of Cox's failure-to-protect claim. As an initial matter, Cox has not yet suffered any concrete physical harm. This is not necessarily fatal to Cox's failure-to-protect claim; a detainee need not wait until he has been assaulted or otherwise physically harmed before seeking relief from perilous conditions of confinement. The absence of

physical harm to date, however, does necessitate that a litigant plead adequate facts establishing that the conditions being challenged in and of themselves are sufficiently dangerous to objectively pose a substantial risk of harm.

Cox falls short of that target. As an initial matter, Cox appears to contend that being forced to share a room with *any* MSOP detainee runs the substantial risk of harm, because MSOP clients are by their nature individuals identified as sexually dangerous persons or as having sexual psychopathic personalities. *See* Complaint at 3. But the double bunking of MSOP clients, by itself, does not amount to a constitutional violation. *See Karsjens v. Harpstead*, 74 F.4th 561, 571 (8th Cir. 2023). In any event, Cox is *asking* that the Court command MSOP officials to house him with another client, albeit one of Cox's own choosing. The requested client was himself committed to MSOP as both a sexually dangerous person and a sexual psychopathic personality. *See In re Commitment of Stehlik*, No. A09-2296, 2010 WL 1851305, at *1 (Minn. Ct. App. May 11, 2010). The relief sought by Cox does not match the supposed harm posed to him by being housed with another MSOP client.

The complaint does, to be sure, include other factual allegations suggesting that the unidentified roommate with whom Cox is currently housed has a history of disciplinary problems. *See* Complaint at 3-4. But these allegations are overwhelmingly vague; for example, Cox refers to "this clients sexual aggression towards other clients" without alleging what, exactly, this "sexual aggression" entails. *Id.* at 4 (sic throughout). Even more importantly, Cox does not include plausible factual allegations that, if proved true, would establish that MSOP policies and procedures are inadequate to protect Cox from harm should a dangerous situation develop. What Cox is asking, in effect, is that any

5

MSOP client with a history of disciplinary problems be isolated indefinitely from the remainder of the MSOP population. The federal constitution does not require this approach so long as MSOP takes reasonable measures to ensure that clients remain safe from the dangers potentially posed by other clients—and Cox has not pleaded facts showing that MSOP has not implemented such measures.

Accordingly, the Court recommends that this lawsuit be dismissed without prejudice and that Cox's IFP application be denied. Because the Court does not believe that appointment of counsel is likely to substantially benefit either Cox or the Court in this matter, the Court further recommends that Cox's motion for appointment of counsel also be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**THE COURT HEREBY RECOMMENDS**:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Samuel Cox (Dkt. No. 2) be DENIED.

3. Cox's motion for appointment of counsel (Dkt. No. 4) be DENIED.

Dated: June 3, 2026
s/ David T. Schultz_____
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

6

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).